Whitman *v.* Hubbell.

---

## WHITMAN *v.* HUBBELL.*

*U. S. Circuit Court, Southern District of New York; March,* 1887.

*Injunction; street obstruction.*] The common council of New York city having apparent authority to authorize the erection of an awning, a preliminary injunction will not be granted to remove it. But the court will order that it be made to conform with the municipal regulations *pendente lite.*

---

* This case, in connection with the three following, suggests that one aggrieved by a street obstruction may fail to get an injunction *pendente lite*, in a suit brought by himself, when he might, perhaps, have a mandamus to the public officer charged with the duty of removal; and the person maintaining the obstruction might not obtain injunction *pendente lite* to prevent removal.

See as to remedy for street obstructions, also, *Note on Obstruction of Sidewalks for Business Purposes* in 18 *Abb. N. C.* 129.

Whitman *v.* Hubbell.

Motion for an injunction to restrain the further maintenance of an awning *pendente lite.*

Nathaniel Whitman brought this action against the Adams Express Company, naming on the record William L. Hubbell as treasurer, to compel the company to remove a metal awning or shed, about eighty-five feet in length and extending from the building to the curb line of one of the company's offices, which, as alleged, hid from the view of pedestrians the signs on plaintiff's building.

*Ira W. Warren,* for the motion.—The defendant has no right to maintain such an obstruction as against the adjoining owner (Trenor *v.* Jackson, 15 *Abb. Pr. N. S.* 115 ; McCaffrey *v.* Smith, 41 *Hun,* 117). While the legislature has a right to devote a public street to a further or additional public use, neither the legislature nor the board of aldermen have any authority to devote a part of a public street to the use of a private person to the injury of an adjoining owner (Hallock *v.* Scheyer, 33 *Hun,* 111). Occupants of any part of public streets can acquire no vested rights therein either above or below the surface (Astor *v.* Arcade Railway, *N. Y. Daily Reg.,* February 8th, 1887 ; Story *v.* N. Y. Elevated R. R. Co., 90 *N. Y.* 124; Glover *v.* Manhattan Ry. Co., 51 *Super. Ct.* [*J. & S.*] 1).

*Seward, De Costa & Guthrie,* opposed.

Brown, J.—Under the consolidation act, § 86, subd. 8*, the common council have apparently authority from the Legislature to authorize awnings. The alleged want of constitutional power of the Legislature to confer this authority, is too doubtful a question to be determined upon a pre-

* The provision of the statute is as follows: " To regulate the use of the streets and sidewalks for signs, sign-posts, awnings, awning-posts, horse-troughs, urinals, telegraph posts, and other purposes."

liminary motion of this kind. If within ten days the awning in question is made to conform strictly to the municipal regulations, the motion should, on the above grounds, be denied, without prejudice, however, to the consideration of the whole subject upon the trial of the cause.

Ordered accordingly.